**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DANIEL G. SHAY**
DANIEL G. SHAY (SBN 250548)
409 Camino Del Rio South, Suite 101B
San Diego, California 92108
*danielshay@tcpafdcpa.com*
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# SOURTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANTHONY EARLY-RILEY, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>Defendants. | Case No.: **'18CV0345 DMS AGS**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE CALIFORNIA PENAL CODE §§ 632.7 *ET SEQ*.**<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. D'Anthony Early-Riley ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of AllianceOne Receivables Management, Inc. ("Defendant") for recording telephone conversations with Plaintiff and putative Class members without consent, in violation of the California Invasion of Privacy Act, Cal. Pen. Code § 632.7 ("CIPA"), thereby invading their privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Plaintiff alleges that Defendant continues to violate California Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while on their cellular telephones.

## NATURE OF THE ACTION

3. Defendant is a collection company with many accounts in California. While attempting to collect debts, Defendant often talks to Californians on their cellular telephones. Defendant records all of its calls, both inbound and outbound, without consent.

4. The CIPA was enacted to protect consumers from a violation of their privacy, requiring that a party to warn an individual if a call is monitored or recorded.

5. Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise, or otherwise provide notice, at the onset of the recorded conversations with Plaintiff that the call would be recorded, and Defendant did not try to obtain the Plaintiff's consent before such recording.

6. Defendant's violations caused Plaintiff and the members of the putative

Class to experience actual harm, including the invasion of privacy, as well as a violation of their statutory rights.

7. Plaintiff and members of the Class suffered concrete injuries in fact, whether tangible or intangible, that are directly traceable to Defendant's conduct, and are likely to be redressed by a favorable decision in this action.

8. In response to Defendant's unlawful conduct, Plaintiff brings the instant lawsuit and seeks an injunction requiring Defendant to cease recording conversations without consent of the parties, and award actual and statutory damages to the members of the putative Class, together with costs and reasonably attorneys' fees.

## JURISDICTION AND VENUE

9. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks $5,000 in damages for each violation of the CIPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff and the putative Class members are residents of California and Defendant's principal place of business is in Pennsylvania and it is incorporated in Delaware, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

10. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) because Defendant, at all times herein mentioned, was doing business in the County of San Diego, State of California. Further, venue is proper in this district because Plaintiff has resided in this district at all times herein mentioned such that a substantial part of the events giving rise to the claim occurred in this district.

**PARTIES**

11. Plaintiff is, and at all times mentioned herein was, a resident of the State of California, County of San Diego. He is, and at all times mentioned herein was a "person" as defined by Cal. Pen. Code § 632(b).

12. Defendant is a collection company incorporated in Delaware that maintains its principal place of business at 4850 East Street Road, Suite 300, Trevose PA 19053 and is a "person" as defined by Cal. Pen. Code § 632(b). Defendant also maintains an office location in San Diego County at 6160 Mission Gorge Road #300, San Diego, CA 92120.

13. Plaintiff alleges that at all times relevant herein Defendant conducted business in the state of California and in the County of San Diego, and within this judicial district.

**FACTUAL ALLEGATIONS**

14. On or around December 27, 2017, Defendant called Plaintiff on his cellular telephone ending 2147 in an attempt to collect a debt. Defendant called from the telephone number 877-541-8420 and the call lasted about six minutes. Defendant did not warn Plaintiff the call was recorded.

15. On or around January 12, 2018, Defendant called Plaintiff on his cellular telephone ending 2147 in an attempt to collect a debt. Defendant called from the telephone number 877-541-8420 and the call lasted about one minute. Defendant did not warn Plaintiff the call was recorded.

16. On or around January 18, 2018, Defendant called Plaintiff on his cellular telephone ending 2147 in an attempt to collect a debt. Defendant called from the telephone number 877-541-8420. The parties spoke for about three minutes about sensitive financial and legal matters.

17. Near the end of the call, Plaintiff asked Defendant if the call was recorded and Defendant's agent answered affirmatively.

18. Plaintiff was not advised at the outset of the call that the conversation was being recorded by Defendant, nor did Plaintiff consent to the call being recorded.

19. Upon information and belief, Defendant records all of its telephone calls, inbound and outbound, without consent.

20. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was shocked, upset and angry that Defendant recorded a cellular telephone conversation with Plaintiff without Plaintiff's knowledge or consent.

21. The call was a communication that Plaintiff did not desire to be recorded by Defendant. The telephone call between Plaintiff and Defendant's representative concerned personal information that Plaintiff had not openly discussed with others. These conversations with Defendant pertained to the collection of a debt allergy owed by Plaintiff, and thus at its very core, were private in nature.

22. Plaintiff was completely unaware that Defendant was recording any of the calls.

23. Due to the lack of a recording advisement at the outset of the telephone calls, Plaintiff reasonably believed and expected that Defendant was not secretly recording the telephone conversation with Plaintiff, which concerned a debt.

24. California Penal Code § 632.7(a) is very clear in its prohibition against such unauthorized tape recording without the consent of the other party to the conversation:

> "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone,

4

*Early-Riley v AllianceOne Receivables Management, Inc.*
CLASS ACTION COMPLAINT

or a cordless telephone and a cellular radio telephone [violates this section]."

25. California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000.00 for each violation and injunctive relief.

26. This suit seeks only damages and injunctive relief for recovery of economic injury and it expressly is not intended to request any recovery for personal injury and claims related thereto.

27. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally recorded communications transmitted between a cellular radio telephone and a landline telephone without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

28. Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversation with Plaintiff that the call would be recorded, and Defendant did not try to obtain the Plaintiff's consent before such recording.

29. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had a policy and a practice of recording California consumers.

30. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had installed and/or caused to be installed certain recording equipment in its employees' or agents' telephone lines. Defendant uses these devices to record each and every telephone conversation on said telephone lines.

31. Defendant's conduct alleged herein constitutes violations of the right to privacy of the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

32. Defendant concealed from Plaintiff, and similarly situated California residents, that Defendant was recording the outbound calls between itself on the one

hand and Plaintiff and other similarly situated California residents on the other.

33. Defendant concealed the fact that it was recording the aforementioned phone calls to create the false impression in the minds of Plaintiff and similarly situated California residents that they were not being recorded. At the outset of many of the calls there was no warning that the calls were, or even may be, recorded.

34. As a result thereof, Plaintiff and the class have been damaged as set forth in the Prayer for Relief herein.

35. Plaintiff seeks statutory damages for himself and the class and injunctive relief under California Penal Code § 637.2.

## CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of himself and on behalf of all other similar situated. Because Plaintiff's cellular phone calls were recorded, the representative Plaintiff represents, and is a member of the Class he seeks to represent, persons whose cellular telephone calls were recorded by Defendant in the Class Period from one year prior to the filing of this Complaint through the date of trial, with the Class defined as follows:

> **Class:** All persons in California whose inbound and/or outbound cellular telephone conversations were recorded without their consent by Defendant, its employees, its agents or other persons working on Defendant's behalf, within one year prior to the filing of the original Complaint through the date of trial.

37. Defendant, and its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

38. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the

right to modify or expand the definition of the Class to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

39. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records and/or Defendant's agent's records.

40. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

   a. Whether Defendant has a policy of recording its calls;
   b. Whether Defendant discloses to Californian consumers at the outset of the conversations that Defendant's telephone conversations are recorded;
   c. Whether Defendant recorded its telephone conversations with persons in California while those persons were on a cellular telephone;
   d. Whether Defendant's policy of recording all of its calls without the required call recording disclosures constituted violations of California Penal Code § 632.7;
   e. Whether Defendant should be enjoined from engaging in such conduct in the future; and,
   f. Whether Plaintiff and Class members are entitled to any other relief.

41. Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

42. Plaintiff will fairly and adequately represent and protect the interests of

the Class in that Plaintiff has no interests antagonistic to any member of the Class. Plaintiff has retained counsel experienced in handling class actions and claims under California's Invasion of Privacy Act to further ensure such protection.

43. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress for the wrongs complained of herein.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of the Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class actions.

45. Defendant has acted on grounds generally applicable to the Class, Californians have a protectable right thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### CAUSE OF ACTION
### UNLAWFUL INVASION OF PRIVACY
### CALIFORNIA PENAL CODE SECTION 632.7

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act,

including specifically, Penal Code § 632. In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. Thus, we believe that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation. *See Kearney v. Salmon Smith Barney, Inc*., (2006) 39 Cal. 4th 95, 125.

48. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording any part of the conversation without the knowledge or consent of the other party, where a cellular telephone is involved. Cal. Pen. Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by Cal. Pen. Code § 632.7 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

49. Plaintiff is informed and believes and thereupon alleges that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

50. Plaintiff is informed and believes and thereupon alleges that all these devises were maintained and utilized to record each and every one of Defendant's telephone conversations over said telephone lines.

51. Said recording equipment was used to record Defendant's telephone conversations with Plaintiff and the members of the Class, all in violation of California Penal Code § 632.7.

52. Defendant or any employees, agents, managers, officers, or directors of Defendant, and any other person, failed to inform Plaintiff or any other member of

1  the Class, at the outset of Defendant's telephone conversations, that the recording of
2  the telephone conversations were taking place, and at no time did Plaintiff or any
3  other member of the Class consent to this activity.

4  53.  If any consent and/or disclosure were given, such disclosure/s and/or
5  consent was not at the inception of the call/s.

6  54.  Defendant, knowing that it was unlawful and a violation of Plaintiff's
7  and Class members' right to privacy and a violation of California Penal Code § 630,
8  et seq., intruded on Plaintiff's and Class members' right to privacy by intentionally
9  engaging in recording activities relative to the telephone conversations between
10 Plaintiff and the Class on the one hand, and Defendant on the other hand, as alleged
11 herein.

12 55.  Based on the foregoing, Plaintiff and the members of the Class are
13 entitled to, and below herein do pray for, their statutory remedies and damages,
14 including but not limited to, those set forth in California Penal Code § 637.2.

15 56.  Because this case is brought for the purposes of enforcing important
16 rights affecting the public interest, Plaintiff and the Class seek recovery of their
17 attorneys' fees pursuant to the private attorney general doctrine codified in Code of
18 Civil Procedure § 1021.5, or any other statutory basis.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

### INVASION OF PRIVACY

### CALIFORNIA PENAL CODE SECTION 632.7

57.  As a result of Defendant's violations of Cal. Pen Code § 637.2(a), Plaintiff seeks for himself and each Class member the greater of $5,000 for each and every violation or three times actual damage per violation, pursuant to Cal. Pen Code § 637.2(a).

58.  Pursuant to California Penal Code § 637.2(a), injunctive relief

prohibiting such conduct in the future.

59. Any other relief the Court may deem just and proper including attorney fees and costs.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 13, 2018

s/ Ronald A. Marron
Ronald A. Marron, Esq.
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS M. WOOD
KAS L. GALLUCCI
651 Arroyo Drive
San Diego, California 92103
*ron@consumersadvocates.com*
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

s/ Daniel G. Shay
Daniel G. Shay, Esq.
**LAW OFFICES OF DANIEL G. SHAY**
DANIEL G. SHAY
409 Camino Del Rio South, Suite 101B
San Diego, California 92108
*danielshay@tcpafdcpa.com*
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorneys for Plaintiff and the Proposed Class*